UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL RASKIN | Civil Action No. 3:12-cv-01186-MRK |
| Plaintiff, | |
| v. | |
| NORMAN L. STONE | |
| Defendant. | August 24, 2012 |

**DEFENDANT STONE'S ANSWER TO COMPLAINT**

Defendant Normal L. Stone ("Stone"), by his undersigned counsel, hereby answers the Complaint of Plaintiff Michael Raskin ("Raskin"), dated May 1, 2012 (the "Complaint"):

1. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1.

2. Stone denies the allegations of paragraph 2, except admits that he is sui juris.

3. Stone denies the allegations of paragraph 3, except admits that Raskin purports to bring an action for damages alleging, inter alia, breach of contract, promissory estoppel, breach of fiduciary duty, fraud, conversion, to correct the inventorship of a patent, declaratory relief, and for an accounting. Stone states that none of Raskin's alleged causes of action has any merit and denies that Raskin is entitled to any relief on these claims.

4. Stone lacks knowledge or information sufficient to form a belief about the truth of Raskin's allegation that there is diversity of citizenship because Stone does not know where Raskin currently resides. Stone denies the remaining allegations of paragraph 4, except admits that the amount in controversy exceeds the sum of $75,000.00 and that the United States District Court for the District of Connecticut has jurisdiction over this dispute because it arises, in part, under the patent laws of the United States.

5. Stone denies the allegations of paragraph 5, but does not contest that venue is proper in the United States District Court for the District of Connecticut.

6. Stone denies the allegations of paragraph 6, but does not contest that the United States District Court for the District of Connecticut has personal jurisdiction over him for the purpose of this action.

7. Stone denies the allegations of paragraph 7, except admits that a business in which Stone held an interest supplied vinyl tiles to Gerald Raskin's business periodically for several years and that from time to time Stone and Raskin have engaged in certain business dealings with each other.

8. Stone denies the allegations of paragraph 8, except admits that a company in which Stone owned an interest owned a retail chain of flooring stores called Top Tile, which consisted of approximately twenty stores, primarily located in the northeast United States.

9. Stone denies the allegations of paragraph 9.

10. Stone denies the allegations of paragraph 10.

11. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of paragraph 11.  Stone denies the allegations of the second sentence of paragraph 11.

12. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12, except admits that Gerald Raskin died at some point in the early 1990s.

13. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of paragraph 13.  Stone denies the remainder of the allegations of paragraph 13.

14. Stone denies the allegations of paragraph 14.

15. Stone admits the allegations of paragraph 15.

16. Stone denies the allegations of paragraph 16, and specifically denies that Raskin has accurately described the Konecto line of flooring products.

17. Stone denies the allegations of paragraph 17.

18. Stone denies the allegations of paragraph 18, except admits that Raskin owns 25% of Metroflor Corporation ("Metroflor"), that a trust for certain Stone grandchildren, of which Stone is trustee, owns 75% of Metroflor, and that a copy of a document purporting to be a stock certificate in Metroflor is attached as Exhibit A to the Complaint.

19. Stone denies the allegations of paragraph 19, except admits that Stone, along with Song Zhengxing, filed Application No. 11/321,015 (the "'015 Application") on December 29, 2005, for patent protection for an innovative floor plank that they had invented, one version of which is sold under the name Konecto, that on January 2, 2007, the United States Patent and Trademark Office issued U.S. Patent No. 7,155,871 (the "'871 Patent") on the '015 Application, and that Stone filed other patent applications related to the '015 Application.

20. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20.

21. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of the second sentence of paragraph 21. Stone denies the remaining allegations of paragraph 21, except admits that floor planks covered by the '871 Patent have been sold under the names Allure TrafficMaster, Starloc and Konecto, and that these products have been commercially successful.

22. Stone denies the allegations of paragraph 22, except admits that Tru Woods Ltd. ("Tru Woods") and Vertex Services, Ltd. ("Vertex") are based in Hong Kong.

23. Stone denies the allegations of the first two sentences of paragraph 23, except admits that Indaquor Corporation ("Indaquor") was a distributor of flooring in the New York metropolitan area and that a trust for Stone's stepdaughters (of which Stone is trustee), Peter Stone and Raskin each own a 33% equity interest in Indaquor. Stone admits that a copy of a document purporting to be a stock certificate in Indaquor is attached as Exhibit B to the Complaint.

24. Stone denies the allegations of paragraph 24, except admits that the Stone 2003 Grandchildren Trust (the "Trust") and Raskin each initially held a 50% membership interest in GC Distribution Systems, LLC ("GC Distribution"), that GC Distribution has its principal place of business in Palm Beach County, Florida, and that Stone, as representative for the Trust, and Raskin jointly exercised authority over the business activities of GC Distribution. Stone further avers that the allegations of paragraph 24 are irrelevant to this action and concern a dispute regarding GC that is already the subject of litigation pending in the Delaware Court of Chancery.

25. Stone denies the allegations of paragraph 25, except admits that he is in his 80s, and that Raskin was President of Metroflor until November 29, 2010, when the Board of Directors of Metroflor removed Raskin from his position as President of Metroflor.

26. Stone denies the allegations of paragraph 26, except admits that the Board of Directors of Metroflor removed Raskin as President of Metroflor on November 29, 2010, and states that Raskin was retained as an employee of Metroflor until August 2011.

27. Stone denies the allegations of paragraph 27, except admits that the Board of Directors of Metroflor removed Raskin as President of Metroflor on November 29, 2010.

28. Stone denies the allegations of paragraph 28.

29. Stone denies the allegations of paragraph 29, except admits that Raskin does not receive distributions from Tru Woods because he has no ownership interest in that entity, that Raskin has not received distributions from Metroflor and Vertex because those entities do not make distributions to their owners, that Indaquor has not made any distributions to its owners in approximately 4 years, and that Stone has not, and is not required to, provide Raskin with a current accounting of the business activities of any of these entities.

30. Stone denies the allegations of paragraph 30, except admits that Stone has maintained that Raskin does not have an ownership interest in Tru Woods and that Stone has refused to, and is not required to, provide Raskin with current information regarding the operation of the Metroflor Entities.

31. Stone denies the allegations of paragraph 31, except admits that at the time the complaint was filed, Raskin owned 50% of GC Distribution. Stone further avers that the allegations of the second, third and fourth sentences of paragraph 31 are irrelevant to

this action and concern a dispute regarding GC that is already the subject of litigation pending in the Delaware Court of Chancery.

32. Stone denies the allegations of paragraph 32. Stone further avers that the allegations of paragraph 32 are irrelevant to this action and concern a dispute that is already the subject of litigation pending in the Delaware Court of Chancery.

33. Stone denies the allegations of paragraph 33.

34. Stone denies the allegations of paragraph 34, except admits that he has assigned his interest in the '871 Patent.

35. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35.

36. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36, except admits that Richard A. Ivers has appeared as counsel of record in this action.

37. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37.

38. Stone denies the allegations of paragraph 38, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

39. Stone denies the allegations of paragraph 39.

40. Stone denies the allegations of paragraph 40.

41. Stone denies the allegations of paragraph 41.

42. Stone denies the allegations of paragraph 42.

43. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count I.

44. Stone denies the allegations of paragraph 44, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

45. Stone denies the allegations of paragraph 45.

46. Stone denies the allegations of paragraph 46.

47. Stone denies the allegations of paragraph 47.

48. Stone denies the allegations of paragraph 48.

49. Stone denies the allegations of paragraph 49.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count II.

50. Stone denies the allegations of paragraph 50, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

51. Stone denies the allegations of paragraph 51.

52. Stone denies the allegations of paragraph 52.

53. Stone denies the allegations of paragraph 53.

54. Stone denies the allegations of paragraph 54.

55. Stone denies the allegations of paragraph 55.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count III.

56. Stone denies the allegations of paragraph 56, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

57. Stone denies the allegations of paragraph 57.

58. Stone denies the allegations of paragraph 58.

59. Stone denies the allegations of paragraph 59.

60. Stone denies the allegations of paragraph 60.

61. Stone denies the allegations of paragraph 61.

62. Stone denies the allegations of paragraph 62.

63. Stone denies the allegations of paragraph 63.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count IV.

64. Stone denies the allegations of paragraph 64, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

65. Stone denies the allegations of paragraph 65.

66. Stone denies the allegations of paragraph 66, except admits that Raskin was not named as an inventor on the '015 Application and related applications because Raskin was not an inventor of the inventions disclosed and claimed in those applications.

67. Stone denies the allegations of paragraph 67.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count V.

68. Stone denies the allegations of paragraph 68, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

69. Stone denies the allegations of paragraph 69.

70. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70.

71. Stone denies the allegations of paragraph 71, except admits that Raskin was not named as an inventor on the '015 Application and related applications because Raskin was not an inventor of the inventions disclosed and claimed in those applications.

72. Stone denies the allegations of paragraph 72.

73. Stone denies the allegations of paragraph 73.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count VI.

74. Stone denies the allegations of paragraph 74, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

75. Stone denies the allegations of paragraph 75.

76. Stone denies the allegations of paragraph 76, except admits that Stone, along with Song Zhengxing, filed the '015 Application on December 29, 2005, for patent protection for an innovative floor plank that they had invented, one version of which is

sold under the name Konecto, and that on January 2, 2007, the United States Patent and Trademark Office issued the '871 Patent on the '015 Application to Tru Woods as assignee.

77. Stone denies the allegations of paragraph 77.

78. Stone denies the allegations of paragraph 78.

79. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 79.

80. Stone denies the allegations of paragraph 80.

81. Stone denies the allegations of paragraph 81, except admits that Stone has not accounted to Raskin for revenues derived from the assignment or licensing of the '871 Patent because Raskin is not a co-inventor or co-owner of the '871 Patent and is not entitled to an accounting of such revenues.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count VII.

82. Stone denies the allegations of paragraph 82, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

83. Stone denies the allegations of paragraph 83.

84. Stone denies the allegations of paragraph 84, except admits that Stone, along with Song Zhengxing, filed the '015 Application on December 29, 2005, for patent protection for an innovative floor plank that they had invented, one version of which is sold under the name Konecto.

85. Stone denies the allegations of paragraph 85.

86. Stone denies the allegations of paragraph 86.

87. Stone denies the allegations of paragraph 87.

88. Stone denies the allegations of paragraph 88.

89. Stone denies the allegations of paragraph 89.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count VIII.

90. Stone denies the allegations of paragraph 90, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

91. Stone denies the allegations of paragraph 91.

92. Stone denies the allegations of paragraph 92.

93. Stone denies the allegations of paragraph 93, except admits that he has asserted that Raskin does not have any ownership interest in Tru Woods.

94. Stone denies the allegations of paragraph 94.

95. Stone denies the allegations of paragraph 95.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count IX.

96. Stone denies the allegations of paragraph 96, and further repeats, realleges and incorporates herein by reference the responses to the allegations of paragraphs 1 through 37 as if fully set forth herein.

97. Stone denies the allegations of paragraph 97.

98. Stone denies the allegations of paragraph 98, except admits that Stone has maintained that Raskin does not have an ownership interest in Tru Woods.

99. Stone lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of paragraph 99. Stone denies the remainder of the allegations of paragraph 99.

100. Stone denies the allegations of paragraph 100.

WHEREFORE, Stone denies that Raskin is entitled to any relief with respect to Count X.

## General Denials

Except as otherwise expressly admitted in paragraphs 1 through 100 above, Stone denies each and every allegation contained in paragraphs 1 through 100 of the Complaint, including, without limitation, the headings and subheadings contained in the Complaint, and specifically denies liability to Raskin, or that Raskin has suffered any legally cognizable damages for which Stone is responsible. As provided by Federal Rule of Civil Procedure 8(d), allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied. Stone expressly reserves the right to amend and/or supplement his answer.

With respect to all paragraphs in the Complaint in which Raskin prays for damages or other relief, Stone denies that Raskin is so entitled under law.

## Affirmative and other Defenses

Stone asserts the following affirmative and other defenses. In asserting these defenses, Stone does not agree or concede that he has the burden of proof or

persuasion on any of these issues, and he does not assume any burden that he would not otherwise bear.  These defenses are raised by Stone without waiver of any other defenses that may become known during the discovery proceedings in this case or otherwise.  Stone expressly reserves the right to amend or supplement his Answer to assert any other defenses as they become available.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Raskin's claim for correction of inventorship pursuant to 35 U.S.C. §256 (Count VII) fails to state a claim upon which relief can be granted because the Complaint contains no well-pleaded facts that, if true, would support Raskin's claim that he contributed to the claimed invention.

### Third Defense

Raskin's claims for conversion (Count V) and unjust enrichment (Count VIII) are preempted by federal law.

### Fourth Defense

Stone is not liable because Raskin's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.  Raskin's claims for fraud in the inducement (Count IV), conversion (Count V), and unjust enrichment (Count VIII) are barred by the three-year limitation period applicable to tort claims under Connecticut's General Statutes § 52-577 and to any equitable claims based on the same set of operative facts.

WHEREFORE, Stone respectfully requests that this Court enter a Judgment and Order as follows:

1. Dismissing the Complaint, and each count thereof, with prejudice and denying Raskin any relief whatsoever; and

2. Awarding Stone any such other and further relief as the Court may deem just and proper, including, but not limited to, costs, disbursements and reasonable attorneys' fees incurred in defending this action plus interest on any sums awarded thereunder.

          DEFENDANT,
          NORMAN L. STONE

By:  /s/ Thomas D. Goldberg
      Thomas D. Goldberg (ct04386)
      Helen Harris (ct26816)
      Kathryn G. Newman (ct28708)
      Day Pitney LLP
      One Canterbury Green
      201 Broad Street
      Stamford, Connecticut 06901
      Telephone:  (203) 977-7300
      Facsimile:   (203) 977-7301
      Email: tdgoldberg@daypitney.com
      Email: hharris@daypitney.com
      Email: knewman@daypitney.com

       -and-

      Robert H. Baron (pro hac vice admission pending)
      Keith R. Hummel (pro hac vice admission pending)
      Cravath, Swaine & Moore LLP
      Worldwide Plaza
      825 Eighth Avenue
      New York, New York  10019
      Telephone:  (212) 474-1000
      Facsimile:   (212) 474-3700
      Email: rbaron@cravath.com
      Email: khummel@cravath.com

      *His Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2012, a copy of the foregoing Motion for Admission was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by regular first-class mail to counsel unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By:     /s/ Thomas D. Goldberg
        Thomas D. Goldberg